BAKER    v.    MITCHELL.

(*Knoxville.*    November    17,    1900.)

1. CHANCERY COURT.  *Has not jurisdiction of contest over Mayor's office.*

The Chancery Court has not jurisdiction to try a contest over the election of Mayor of a city.   The Circuit Court takes jurisdiction of such contests, under that provision of the Code conferring jurisdiction upon that Court in all cases where it is not conferred upon another tribunal.   Such contest is not a "cause" within the Act of 1877 enlarging the jurisdiction of Chancery Courts.

Act construed: Acts 1877, Ch. 97.

Code construed: § 6063 (S.); § 4997 (M. & V.); § 4225 (T. & S.).

Cases cited: Shields v. Davis, 103 Tenn., 538; Boring v. Griffith, 1 Heis., 456.

2. JURISDICTION.  *Question of, when made.*

Objection for want of jurisdiction of the subject-matter by a Chancery Court may be made at any time, and cannot be waived by consent, appearance, plea, or answer.

Cases cited: Lowe v. Morris, 4 Sneed, 68; Merchant v. Preston, 1 Lea, 280; Starnes v. Newsome, 1 Tenn. Ch., 245.

FROM    GREENE.

Appeal from Chancery Court of Greene County. JOHN P. SMITH, Ch.

Baker *v.* Mitchell.

HARMON & SWINGLE, SHOUN & SUSONG for Baker.

KIRKPATRICK, BOWMAN & WILLIAMS, DEADERICK & EPPS and JAS. ARMITAGE for Mitchell.

WILKES, J. The principal question involved in this case is whether the Chancery Court has jurisdiction to try a contest over the election of mayor of the town of Greeneville, Tennessee.

The Chancellor decided in favor of the jurisdiction, and heard the case upon its merits. The Court of Chancery Appeals decided against the jurisdiction and dismissed the bill, and complainant Baker appealed to this Court and assigned errors.

We are of oinion the Chancery Court has no jurisdiction of a contest over the election of a mayor. By the statute, Shannon, § 6063, it is provided that "the Circuit Courts of the State are Courts of general jurisdiction, and the Judges thereof shall administer right and justice according to law in all cases when the jurisdiction is not conferred upon another tribunal."

There being no express provision conferring jurisdiction upon any other tribunal in the trial of contested elections of mayors in our statutes, that jurisdiction and power vests in the Circuit Court under this statute.

The Act of 1877, Chapter 97, enlarging and extending the jurisdiction of the Chancery Court, does not confer jurisdiction on it in a proceeding

of this character. It is not a "cause" within the meaning of that Act. *Shields* v. *Davis,* 19 Pick., 538; *Boring* v. *Griffith,* 1 Heis., 456.

The case of the City of Nashville, 6 Lea, 337, is not in point. It was commented upon and distinguished in the case of *Shields* v. *Davis,* 19 Pick., 545, and what is there said is applicable in the present case.

It is said the question of jurisdiction was waived in the Court below. A demurrer· was filed raising the question of jurisdiction, but an answer on the merits was filed at the same time, and it is insisted the demurrer was waived by the answer.

It appears that before the case was heard on the merits, the defendant moved the Court for leave to withdraw the answer if the Court considered it as interfering with the question of jurisdiction. ·The Court held that the question of jurisdiction was then open on the record, and that it had jurisdiction, and having so decided, proceeded to hear the case on the merits.

We are of opinion that the question as to jurisdiction in this case is one based upon the subject-matter of the controversy, and not the person of the defendant or the local status of the litigation, and that it could be made at any time. *Lowe* v. *Morris,* 4 Sneed, 68; *Merchant* v. *Preston,* 1 Lea, 280; *Starnes* v. *Newsome,* 1 Tenn. Chan., 245.

Indeed, the want of jurisdiction of the subject-

Baker *v.* Mitchell.

matter could not be waived, nor could it be conferred by consent, appearance, plea, or answer, if it does not exist by law. See cases collated Webb & Meigs Digest, p. 2058, sec. 11.

We are of opinion there is no error in the decree of the Court of Chancery Appeals, and it is affirmed.