## BOARD OF DIRECTORS *v.* BODKIN BROS.

### (*Jackson.* May 26, 1902.)

1. CORPORATIONS. *Board of Directors of Levee District created a public corporation.*

   An Act of the Legislature incorporating a Board of Directors and authorizing it to build, rebuild, and repair levees for the protection of a large district from overflow; to make all necessary contracts, and to levy taxes upon the inhabitants of the district and collect them, and to issue bonds for said purposes, constitutes such Board of Directors a public corporation, clothed with governmental duties and functions of the same general class as cities and counties. (*Post, p. 706.*)

2. SAME. *Property of public, not subject to attachment.*

   And the property and moneys of such public corporation necessary to the exercise of its corporate municipal functions—*e. g.*, money deposited in bank to meet interest on its bonds—is not subject to attachment for its debts or obligations. (*Post, pp. 706, 707.*)

3. SAME. *Public, not subject to suit outside the jurisdiction of its situs.*

   And such public corporation, created in and by another State, is not subject to suit in the courts of this State for breach of contract, although its charter subjects it to suit in the Courts of the State of its creation, and notwithstanding it may maintain an office in this State, in charge of an officer, upon whom service of process is effected. Such corporation is suable only in the Courts within whose jurisdiction it has its *situs.* (*Post, pp. 707–712.*)

   Cases cited: Railroad *v.* Taylor, 6 Heis., 408; Tappan *v.* Railroad, 3 Lea, 106; Moore *v.* Tate, 87 Tenn., 725.

4. SAME. *Objection to Court's jurisdiction not waived.*

   And such corporation, when sued in the Courts of an outside jurisdiction, does not waive the objection by failing to plead

Board of Directors *v.* Bodkin Bros.

in abatement. The objection is, in such case, to jurisdiction over the subject-matter of the litigation, and cannot be waived. (*Post*, *pp. 712, 713.*)

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

TURLEY & TURLEY and GILLHAM & GILLHAM for Board of Directors.

GREER & GREER for Bodkin Bros.

McALISTER, J. Plaintiffs below recovered a verdict and judgment against the Board of Directors of St. Francis Levee District for the sum of $8,380.56, damages for breach of a contract. The Board appealed and has assigned errors.

St. Francis Levee District is a public corporation, created by an Act of the Legislature of the State of Arkansas. The Act provides that a certain part of the St. Francis basin, which is particularly described, and containing all that area which has at any time, either directly or indirectly, been overflowed by water from the Mississippi River, shall constitute a levee district. The Act then designates certain individuals as directors, and provides that they and their successors in office shall constitute a

body politic and corporate by the name and style .of the Board of Directors of the St. Francis Levee District, and by that name may sue and be sued and have perpetual succession for the purposes thereinafter designated. The duties of said Board are declared to be to levee the St. Francis front, in the State of Arkansas, and to protect and maintain the same by building, rebuilding, repairing, or raising levees on the right bank of the Mississippi River, or such other places as said Board may select. It is further provided that, for the purpose of building, repairing, or maintaining the levees aforesaid, and for carrying into effect the object and purposes of the Act, the Board of Levee Directors shall have the power, and it is made their duty, to assess and levy an annual tax on all lands within said levee district, provided two-thirds of the land owners, after being duly notified, vote for such assessment. Said Board of Levee Directors are given power to employ all agents necessary to the execution of their duties and to make contracts for the construction or performance of said work. By an Act approved March 13, 1899, said Board was authorized to issue bonds for the purpose of building, repairing, and maintaining levees on the right bank of the Mississippi River.

This general statement of the nature of said corporation, its powers, and duties, will suffice to illustrate the bearing of the legal question arising upon the record.

The plaintiffs below, Bodkin Bros., on or about

October 22, 1898, entered into a contract with the Board of Levee Directors for the construction of a portion of the levee on the western side of the Mississippi River, in the State of Arkansas. It is alleged in the declaration that said contract was, in all things, complied with by plaintiffs, but was breached by the defendant in this, that, after said contract was entered into and signed by plaintiffs and by the defendant, through their officers and agents, the defendant, on or about February, 1899, without the knowledge of plaintiffs, so changed the line of said levee, so contracted to be built by plaintiffs for defendant, in various places along the original line of said levee as did great harm and damage to plaintiffs, and, by reason of such illegal changes, without plaintiffs' knowledge or consent, plaintiffs were put to great expense and additional cost to properly construct said levee; and that defendant did, illegally and wrongfully, take away from plaintiffs, without notice to them and without their knowledge, a large amount of work and relet the same to other contractors.

The plaintiffs, it appears, were residents of Shelby County, Tennessee, and did their work in the State of Arkansas. It further appears that said Board of Levee Directors had an office in the city of Memphis, where their fiscal operations were transacted. Said Board also had to its credit various sums of money in several banks of said city.

On the 11th of June, 1900, plaintiffs brought this

suit, by original attachment and summons, in the
Circuit Court of Shelby County, alleging as a ground
of attachment the non-residence of said levee dis-
trict corporation. The attachment was levied on cer-
tain personal property and, by garnishment, against
several of the banks, including the Mercantile Bank,
of the city of Memphis, where said Board had a
deposit of about $19,000, which had been deposited
in said bank for the purpose of liquidating the in-
terest on certain bonds issued by said Levee District
Board, under the authority of the Legislature of the
State of Arkansas. At the same time, a summons
was duly served on the Secretary of said Board,
who was found at the time in Shelby County. On
the 21st of June, 1900, said Levee District Board
executed a replevy bond and repossessed itself of the
funds which had been seized by attachment. On the
18th of September, 1900, the original declaration was
filed.

On the 21st of September, 1900, defendant de-
murred to the declaration, assigning, for cause, that
the alleged contract was not set out with sufficient
certainty and definiteness, but that the allegations
with respect thereto were vague and insufficient.
The demurrer raised no question in respect of the
jurisdiction of the Court. On the same day, defend-
ant moved to quash the attachment, upon the ground
that said Board of Levee Directors is a public cor-
poration, or agency of the State of Arkansas, and
that its properties are not subject to seizure by

judicial process. On January 16, 1901, the Court sustained the motion to quash the attachment. On January 3, 1901, by leave of the Court, the plaintiff filed an amended declaration, setting forth with more detail and particularity the contract alleged to have been breached by defendant. The substance of the amended declaration has already been stated, and need not be repeated. It should have been stated that defendant's demurrer was overruled.

On January 18, 1901, the Levee District Board, through its counsel, filed a plea in abatement, averring in substance that said Board is a public and governmental agency of the State of Arkansas, created by the Legislature of that State for the purpose of constructing levees from the Missouri line on the north to the mouth of the St. Francis River on the south, and setting forth the powers and duties of said Board under the Act of the Arkansas Legislature. It is then averred that said Board has its *situs* in the State of Arkansas, and that the contract sued on was made in said State, and was to be performed there. It is then averred that said Board is not liable to suit in the State of Tennessee, or in Shelby County, of said State, and that the service attempted to be made in this case upon certain of its officers of the Levee District in this State did not constitute a legal service on said Board.

The Court, on the 15th of February, 1901, overruled this plea, and thereupon defendant filed pleas to the merits, which need not be noticed in this

24 P— 45

connection. The trial resulted, as already stated, in a verdict and judgment in favor of the plaintiff for $8,380.56. Said Levee District Board appealed, and the first assignment is that the trial Court erred in not sustaining defendant's plea in abatement and dismissing the suit for want of jurisdiction both of the subject-matter and the Levee District Board.

The Supreme Court of Arkansas has had occasion to consider the nature and character of this Board, and has adjudged it a public corporation clothed with governmental duties and functions, including the power to levy and collect public taxes. *Keel* v. *Board of Directors St. Francis Levee District*, 59 Ark., 536 (S. C. 27 S. W. Rep., 590); *Memphis Land & Timber Co.* v. *St. Francis Levee Board*, 64 Ark., 256.

It is well settled that the property and taxes of municipal corporations, held and used for public purposes, cannot be seized and appropriated by creditors to the payment of their debts. "The property of a municipal corporation which is essentially public in its nature is held by the corporation in trust for the public, and is necessary for the exercise of its corporate municipal function, and cannot be sold to satisfy the debts of the corporation." 20 Am. & Eng. Enc. L. (2d Ed.), 1190.

In *Kline* v. *New Orleans*, 98 U. S., 148, Chief Justice Waite states the reason for this rule with much force and clearness, viz.: "If the lands are held by the corporation for public purposes, and the

ground rents are part of the public revenue, it is well settled that they cannot be levied on and sold. . . . Property and revenue necessary for the exercise of these powers become part of the machinery of government, and to permit a creditor to seize and sell them to collect his debt would be to permit him, in some degree, to destroy the government itself. . . . The test in such cases is as to the necessity of the property for the due exercise of the functions of the municipality.'' *State* v. *Tiedman*, 69 Mo., 306; *Fleishel* v. *Hightower*, 62 Ga., 324. The same rule applies to counties or other arms of the State government. *Lowe* v. *Howard County*, 94 Ind., 553; *Covington County* v. *Danklin*, 52 Ala., 28. And to *quasi* public corporations which are endowed with attributes and functions that affect the public. Hence, the action of the Circuit Court in discharging the attachment which had been levied by garnishment on the public revenues of said Levee District Board was entirely correct.

But the main question raised by the plea in abatement is in respect of the jurisdiction of the Circuit Court to entertain a suit against said Board. The argument against the jurisdiction is that the Levee District Board is an arm of the sovereignty of the State of Arkansas, and is engaged in the exercise of public duties and functions. It has been seen that said Board was created a public corporation by the Legislature of said State. It has no shares or stock-

holders, and is therefore not a trading or commercial corporation organized for private emolument. It is purely a governmental agency or instrumentality of the State of Arkansas charged with the performance of duties and functions that vitally concern the general public. It has an office in the city of Memphis, where it carries on some of its fiscal operations. Is such a body subject to suit in the Courts of Tennessee?

It is answered that the Act of the Legislature creating this corporation expressly authorizes suits against it, as well as empowers it to sue. But so the Legislature may authorize suits against counties or other political subdivisions of the State, and yet it would not be contended that if the County Judge or other representative of the county were found in another State, the particular county might be sued in that State by service of process on said representative. The meaning of the Act is that the State of Arkansas has given its consent to suits against said Board in that State where said Board has its *situs*, and since it cannot have a *situs* outside of the State of its creation, it is not subject to suit in a foreign State. We can perceive no more reason why such an agency of the government can be sued out of the State of its domicile than could a county, a municipality, a Board of Education, a Board of Tax Assessors, although each were incorporated and empowered to sue or made liable to suit.

In *Oil City* v. *McAboy*, 74 Pa. St., 249, it appeared that a borough in a county in the State of Pennsylvania was authorized to contract a debt and issue bonds for its payment. It accordingly issued a series of bonds with warrants of attorney, and default having been made in the payment of one of said bonds, judgment was entered on it in the district Court of another county. It was held that the defendant being a municipal corporation, that Court had no jurisdiction, and the judgment was invalid although the warrant of attorney was "to any attorney of any Court of record," etc.

In *Lehigh County* v. *Kleckner*, 5 W. S. (Pa.), 181, the Court said, viz.: "This is the first time, at common law, a right has been asserted to sue a public municipal corporation, except in the county where it is located. Although the action may be transitory, yet the forum where suit is brought against the corporation is local.

At a very early period after the adoption of the Constitution, it was ruled by the Courts of the United States that a State was subject to suit by a citizen of another State, and yet it never entered into the mind of any person that the State of Maine, for example, was amenable in the Courts of the United States in the State of Georgia, and this may serve to show the distinction between a suit brought against or in favor of a corporation. . . .

"The argument derived from the Act which makes counties and townships bodies corporate, with power

to sue and be sued, amounts to nothing, for it only, in these respects, places them on the same footing of other municipal corporations, which have never been liable to action except in the Courts of the county where situated.''

In *Pack* v. *Greenbush Township,* 62 Mich., 122, the Court said, viz.: '' There is no provision of law that we are aware of, and certainly our attention has been called to none, making the right of service and jurisdiction of the Court follow the persons of public offices wherever they may go beyond the municipalities for which they were elected or chosen. Until the Legislature shall otherwise direct, a township cannot be sued by service of the writ made upon its supervisor outside of the county in which the township is located.

''Public policy, as well as public convenience, require that when claims are to be prosecuted against a township, it should be done at least within the county, whereof the township constitutes a part. Were it otherwise a township located in the southeast corner of the State might find itself compelled to litigate a claim made against it by a party or private corporation located in the extreme northwestern corner of the upper peninsula, if the supervisors of the former should, for any reason, chance to be found sojourning in the County of Ontonagon.''

We think these cases furnish a strong analogy to the case now being adjudged, and announce the true principle.

Counsel for plaintiff below, in support of his contention as to the suability of the Levee Board of Directors has cited: *Western & Atlanta R. R. v. T. H. Taylor*, 6 Heis., 408, in which it was held that the Western & Atlanta Railroad, a corporation, created by the Legislature of Georgia, may be sued in Tennessee, notwithstanding the fact that the State of Georgia may be the sole corporator and proprietor of said road.

This court in that case quoted, with approval, the language of Chief Justice Marshall in *Bank of United States* v. *Planter's Bank*, 9 Wheaton, 904, viz.: "It is, we think, a sound principle, that when a government becomes a partner in any trading company, it divests itself, so far as concerns the transactions of that company, of its sovereign character and takes that of a private citizen. Instead of communicating to the company, its privileges and prerogatives, it descends to a level with whom it associates itself and takes the character which belongs to its associates, and to the business which is to be transacted."

Thus, many of the States of the Union which have an interest in banks, are not suable, even in their own Courts, yet, they never exempt the corporation from being sued. The State of Georgia continued the Court by giving to the bank the capacity to sue and be sued, voluntarily strips itself of its sovereign capacity, so far as respects the transactions of the banks, and waives all the privi-

leges of that character. *Tappan* v. *W. S. A. R. R. Co.*, 3 Lea, 100 ; *Moore* v. *Tate*, 3 Pick., 725 ; *Thompson* v. *Corporation*, Vol. 6, Secs. 7361, 7424, 7433, 7552, 7553.

These cases against private corporations, however, are not applicable here, since it has been determined by the Supreme Court of Arkansas in the cases cited, *supra*, that the Levee Board of Directors is a public corporation and is in no sense a trading or commercial corporation. It is more analogous to a municipal corporation than to any other class of public corporations. Its *situs* is, therefore, local, and it cannot be sued beyond the State of its domicile. Actions against such a board are not transitory but local, and must be brought at the place of its *situs*.

The next question presented is whether want of jurisdiction has been waived. It is insisted that the Levee Board submitted to the jurisdiction, first, by filing a demurrer upon other grounds than that of jurisdiction, and, secondly, by failing to except to the action of the Circuit Court overruling its plea in abatement to the jurisdiction of the Court. It is argued in support of this position that the right to claim exemption from suit was a personal privilege and that defendants, instead of pleading this fact in abatement, first demurred to the declaration, and the demurrer being overruled, pleaded in abatement raising for the first time the question of jurisdiction. But the rule on the subject is tersely

stated by Mr. Dicey in his work on Parties to Actions, page 224, viz.: "Submission can give the Court jurisdiction only to the extent of removing objections thereto, which are personal to the parties submitting, as for example, the objection in case of a defendant that he has not been duly served with a writ. Submission cannot give courts jurisdiction to entertain an action, or other proceeding which in itself lies beyond the competency or authority of the Court," citing: *Farquharson* v. *Morgan*, 1 Q. B. (C. A.), 552; *Mayor of London* v. *Cox*, L. R. 2, H. L., 239; *Broad* v. *Perkins*, 21 Q. B. D. (C. A.), 533; *Briggins* v. *Bennett*, 4 Burr., 2035.

It is well settled in this State that want of jurisdiction of the subject-matter in dispute cannot be cured by appearance, by consent, or in any other way whatsoever, but the judgment is and must remain to all intents and purposes null and void. Webb-Meigs' Digest, Vol. III., p. 2058, and authorities cited.

The subject-matter of the present litigation is a governmental obligation or liability of the State of Arkansas, which, if successful, must be satisfied by public taxation. It is not an individual liability of the members of the Levee Board, and hence no personal judgment could be rendered against them. It follows that the want of jurisdiction of said Levee Board is not a personal privilege which may be waived by appearance, by pleading to the merits, or even by consent.

The action of the Circuit Court in overruling the plea in abatement was, therefore, erroneous. The judgment is reversed, the plea in abatement sustained, and the suit dismissed.