Alvie Thomas Curtis

*v.*

Bert Garrison.

364 S. W. 2d 933

(*Nashville,* December Term, 1962.)

Opinion filed February 7, 1963.

340

R. E. Bonner, Jr., McMinnville, for plaintiff in error.

Garrett & Shields, Manchester, Haston & Haston, McMinnville, for defendant in error.

Mr. Justice White delivered the opinion of the Court.

It is stated in the brief of the plaintiff-in-error that this suit was commenced on July 17, 1962 by the filing of a summons and a declaration with the clerk and service was had upon the defendant on August 3, 1962, a copy of the summons and declaration being left with the defendant.

Curtis sued Garrison for $10,000.00 as damages growing out of an altercation between the parties on the 18th day of June, 1962 which occurred, according to the declaration, "on a roadway leading from Ninth Model, Tennessee to Hillsboro, Tennessee." It was alleged that Garrison committed an aggravated assault and battery upon the plaintiff to his serious injury.

The defendant filed a plea of general issue on August 17, 1962. On September 10, 1962 he filed a motion to withdraw his said plea, which the Court was pleased to, and did, allow.

Whereupon, he filed a "plea to jurisdiction" which the Court properly treated as a Plea in Abatement. This plea stated that the Court had no jurisdiction of the person of the defendant or the subject matter, because both parties were residents of Coffee County at the time the suit was filed and at the time of the alleged assault out of which the suit grew.

For further plea, the defendant said that the suit was brought before he came into Warren County and that the same was served upon him after he came into said county. This plea was properly sworn to and subscribed.

The plaintiff did not join issue on this plea, but moved the Court "to strike the motion and plea in abatement filed in this cause". In addition, thereto, the motion to strike contained the following: "That defendant filed a plea of general issue on August 17, 1962 and thereby waived all rights under a plea in abatement and motion filed on September 10, 1962."

The Trial Court treated this motion as a demurrer to the plea and dismissed this case. The order of the Court

recited that it "was agreed to by all parties, that both Plaintiff and Defendant are residents of Coffee County, Tennessee, and were at the time of the altercation complained of in the Declaration, which also took place in Coffee County, * * *."

The determinative questions in this case for decision by us are did the Circuit Court of Warren County have jurisdiction of the subject matter and of the parties, and, if not, could the defendant confer jurisdiction by filing a plea of general issue. We do not find any specific authority to answer these questions, although we do have some decisions touching upon the matters in a general way. It will be necessary to construe sec. 20-401, T.C.A., which provides:

"In all transitory actions, the right of action follows the person of the defendant, unless otherwise expressly provided. *If the plaintiff and defendant both reside in the same county, such action shall be brought in the county of their residence."* (Emphasis supplied.)

██ As a general rule suits growing out of personal differences between litigants whether they arise out of tort or contract follow the defendant and suit may be instituted against him wherever found. Transitory actions are actions for causes that may have happened anywhere, as a debt that may have been contracted anywhere, personal injuries may have been inflicted anywhere, character slandered, personal property taken anywhere. A right of action follows the person of the defendant and, therefore, the venue is in any county in which he may be found. Section 41, Gilbreath History of a Lawsuit, Seventh Edition.

This general rule of the right of the party to follow the defendant in his effort to redress a wrong is limited by the express language of sec. 20-401, T.C.A. which is exceedingly plain and which states "[i]f the plaintiff and defendant both reside in the same county, such action shall be brought in the county of their residence".

■ The cases of *Haynes v. Woods*, 151 Tenn. 163, 268 S.W. 632 and *Tims v. Carter*, 192 Tenn. 386, 241 S.W.2d 501, are authority for the proposition that the purpose of this statute was to localize transitory actions to the extent indicated, and that the statute was designed to prevent the proceeding whereby a plaintiff would be permitted to catch his neighbor away from home, and the home of his witnesses, and surprise him with a suit, which, however able he may be to resist at home, he is wholly unable to do so among strangers.

In the case of *Board of Directors, etc. v. Bodkin Bros.,* 108 Tenn. 700, 69 S.W. 270, the defendant filed a demurrer which raised no question in respect to the jurisdiction of the Court. The demurrer was overruled. Thereupon, a plea in abatement was filed, which was likewise overruled. The defendant then filed pleas to the merits.

In this case it was insisted that the defendant submitted to the jurisdiction of the Trial Court first by filing a demurrer upon other grounds than that of jurisdiction and secondly by failing to except to the action of the Court in overruling the plea in abatement to the jurisdiction of the Court. It was argued that the right to claim exemption from suit was a personal privilege which the defendant waived by filing a demurrer when it should have if it expected to rely upon a plea to the jurisdiction, been filed as a plea in abatement in the first instance.

The Court in considering this matter said: " 'Submission cannot give courts jurisdiction to entertain an action or other proceeding which in itself lies beyond the competency or authority of the court'. * * * It is well settled in this State that want of jurisdiction of the subject-matter in dispute cannot be cured by apearances, by consent, or in any other way whatsoever, but the judgment is and must remain to all intents and purposes null and void." (page 713, 69 S.W. page 273.)

In the case of *Chambers v. Sanford and Treadway,* 154 Tenn. 134, 137-138, 289 S.W. 533, 534, the Court said:

"Jurisdiction of the subject-matter relates to the right of the court to adjudicate or to make an award through the remedies provided by law upon facts proved, or admitted, in favor of or against persons who present them or who are brought before the court under sanction of law. Jurisdiction of the subject-matter is not waived by appearance and may be taken advantage of at any stage of the proceeding, for in such cases the judgment would be coram non judice. *Harmon v. Tyler,* 112 Tenn. 8 [83 S.W. 1041]; *Board of Directors [etc.] v. Bodkin Bros.,* 108 Tenn. 713 [69 S.W. 270]; *Baker v. Mitchell,* 105 Tenn. 610 [59 S.W. 137]; *In re [New River] Lumber & Mfg. Co.,* 141 Tenn. 329 [210 S.W. 639].

"Jurisdiction of the person, that is where the court is called upon to act upon the person, and where the process may run to any county in the State, is regarded as formal or modal, and the right to object to the locality of trial is a personal privilege which the party may waive and thereby confer jurisdiction. *Agee v.*

*Dement,* 1 Hump. 332; *Glass v. Stovall,* 10 Hump. 453; *Bank v. Foster,* 90 Tenn. 735 [18 S.W. 267].''

In the case of *In re New River Lumber & Mfg. Co. v. Tennessee Ry. Co. et al.,* 141 Tenn. 325, 329, 210 S.W. 639, 640, it is stated:

"It is well settled that, when the court has no jurisdiction of the subject-matter, it cannot be conferred either by waiver or consent, and all of its orders and decrees are a nullity, and may be collaterally attacked. Gibson's Suits in Chancery (New) par. 290; *Agee v. Dement,* 1 Humph. 332; *White v. Buchanan,* 6 Cold. 32; *Noel v. Scoby,* 2 Heisk, 20; *Ferris v. Fort,* 2 Tenn. Ch. 150; *Board v. Bodkin Bros.,* 108 Tenn. 700, 69 S.W. 270; *Baker v. Mitchell,* 105 Tenn. 610, 59 S.W. 137.''

█ The Courts of our State have no jurisdiction of local actions brought in the wrong county and consent cannot give jurisdiction. *Nashville v. Webb,* 114 Tenn. 432, 85 S.W. 404.

The cases on the general subject under consideration were reviewed in the case of *Tims v. Carter,* supra, and it was held that under the statutes which we are considering in this case that in all transitory actions, the right of action follows the person of the defendant, except if the plaintiff and defendant reside in the same county, then the action shall be brought in the county of their residence. In the same case the case of *Haynes v. Woods,* supra, was referred to and the language appearing therein was approved, which language is as follows:

" 'These provisions evince a legislative purpose to localize transitory actions. If both parties reside in the county the action must be brought there and tried in

courts convenient to litigants and witnesses. Otherwise the action follows the defendant.' " (192 Tenn. page 390, n. 241 S.W.2d page 503.)

Finally, we interpret this statute (20-401) to mean that so long as the plaintiff and the defendant continue to reside in the same county, then the subject matter is localized to the county of their residence and the Court of that county is the only Court having jurisdiction to entertain the action or make an award through the remedies provided by law. It is beyond the authority of the defendant to consent or to confer such jurisdiction, and any judgment that might have been rendered by the Court in Warren County would be without force or effect and for this reason such judgment, if rendered, could be arrested on proper motion.

Since we have held that the Circuit Court of Warren County was without jurisdiction of the subject matter, the action taken by said Court in sustaining the Plea in Abatement and dismissing this case is affirmed.

In view of the conclusion reached in the above opinion, it is unnecessary to consider any other assignments raised in this appeal.