IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 18, 2001 Session

## STATE OF TENNESSEE v. NICHOLAS J. JOHNSON

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-1199-374     Timothy L. Easter, Judge**

———————————

**No. M2000-03162-CCA-R3-CD - Filed November 6, 2001**

———————————

The Appellant, Nicholas J. Johnson, presents for review a certified question of law. Johnson pled guilty to two counts of possession of Schedule I drugs for resale, one count of possession of Schedule IV drugs for resale, and simple possession. Johnson received an effective ten (10)-year Community Corrections sentence, and was ordered to serve one hundred and fifty (150) days, day for day, in the Williamson County Workhouse. As part of his plea, Johnson explicitly reserved, with the consent of the trial court and the State, a certified question of law challenging the trial court's denial of his motion to suppress. After review, we find that the question was not properly certified because it fails to clearly identify the scope and limits of the legal issue reserved. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JERRY L. SMITH, J., joined.

Glenn R. Funk, Nashville, Tennessee, for the Appellant, Nicholas J. Johnson.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Thomas E. Williams, III, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Sharon Guffee, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On November 8, 1999, the Appellant was indicted by the Williamson County Grand Jury for two counts of possession of Schedule I drugs for resale, one count of possession of Schedule IV drugs for resale, simple possession, possession of drug paraphernalia, driving on a revoked license, and driving on a revoked license revoked for Driving Under the Influence. On December 22, 1999,

the Appellant filed a motion to suppress evidence seized during the search of his vehicle, challenging the constitutionality of the stop and resulting search. The motion was denied.

Thereafter, on May 15, 2000, the Appellant entered into a negotiated plea agreement under Rule 11(e) of the Tennessee Rules of Criminal Procedure, in which he pled guilty to two counts of possession of drugs, Schedule I, for resale; one count of possession of drugs, Schedule IV, for resale; and simple possession. The plea was accepted by the trial court.

As part of his plea, the Appellant, pursuant to Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure, explicitly reserved the right to appeal a certified question of law dispositive of the case. The respective judgment of conviction forms entered on May 15, 2000, contained the following notation within the special conditions section, "the defendant reserves right to appeal court's ruling on the motion/suppress." The "Agreed Order" which was entered on May 23, 2000, reserved the right to appeal the following certified question of law, "the validity of the search and seizure of the defendant."[1]

## ANALYSIS

The Appellant seeks review, under the provisions of Tenn. R. Crim. P. 37(b)(2)(i), of the trial court's denial of his motion to suppress the evidence. The State argues that the Appellant "failed to properly reserve a certified question of law and therefore this court is without jurisdiction to hear the appeal or vacate the plea agreement."

Under Rule 37(b)(2)(i), an appeal lies from a guilty plea if the final order or judgment contains a statement of the dispositive certified question of law reserved by the Appellant, wherein the question is so clearly stated as to identify the scope and limits of the legal issues reserved. State v. Pendergrass, 937 S.W.2d 834, 836 (Tenn. 1996); State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). No issue beyond the scope of the certified question will be considered. State v. Irwin, 962 S.W.2d. 477, 479 (Tenn. 1998) (quoting Preston, 759 S.W.2d at 650). Before a court may accept an appeal made pursuant to Rule 37(b)(2)(i), the following prerequisites must be satisfied:

1. The final order or judgment must contain a statement of the dispositive question of law reserved by the [Appellant] for appellate review.
2. The order must state that the certified question was expressly reserved as part of the plea agreement.

---

[1] The "Agreed Order" setting forth the dispositive question of law was neither referred to nor incorporated by reference in the judgment of conviction form. It is sufficient for the judgment order to refer to or incorporate another independent document to satisfy the requirement that the judgment contain a statement of the dispositive certified question of law. State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998); State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996).

3. The order must state that both the State and the trial judge have consented to the reservation and are of the opinion that the question is dispositive of the case.

4. The question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved.

Preston, 759 S.W.2d at 650.

We conclude that the certified question is not so clearly stated as to identify the scope and limits of the legal issues reserved. The Appellant bears the burden of "reserving, articulating, and identifying the issue." Pendergrass, 937 S.W.2d at 838.

> Where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., *the reasons relied upon by the [Appellant] in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question*, absent a constitutional statement otherwise. Without an explicit statement of the certified question, neither the [Appellant], the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case.

Preston, 759 S.W.2d at 650 (emphasis added).

In the present case, the issue reserved is "the validity of the search and seizure of the" Appellant. This overly broad question violates the mandates announced in Preston. The question is not only patently non-specific but also does not clearly identify the reasons relied upon by the Appellant at the suppression hearing. Additionally, review of the question as presently framed would potentially require a complete dissertation of the law of search and seizure of which this court is not willing to engage in absent specific boundaries circumscribed by the Appellant. The holding of Preston created a bright-line rule regarding the prerequisites for a Rule 37(b)(2)(i) appeal from which this court may not depart. *See generally* Preston, 759 S.W.2d at 650; *but see* State v. Harris, 919 S.W.2d 619, 621 (Tenn. Crim. App. 1995) (issue need not be framed in standard "law school" format; statement satisfies Preston if appellate court can ascertain from the record the scope of the issue presented).[2]

We are without jurisdiction to review the merits of the Appellant's claim because he has failed to properly reserve his certified question of law by identifying the scope and limits of the legal issue raised. Accordingly, the appeal is dismissed. In State v. Cheek, No. M2000-00203-CCA-R3-CD (Tenn. Crim. App. at Nashville, Dec. 14, 2000), this court went further and vacated the guilty pleas and the plea agreement and remanded the case to the trial court. Upon re-visitation, we find

---

[2]The author of this opinion respectfully dissented from this court's opinion in Harris, finding the certified question too broad to comport with the requirements of Preston. *See* Harris, 919 S.W.2d at 625 (Hayes, J., dissenting).

that this court lacks the authority to vacate the pleas and the agreement because we are without jurisdiction over the subject matter due to noncompliance with Rule 37(b)(2)(i). It is well established that "[a] [c]ourt acting without jurisdiction of the subject matter, or beyond the jurisdiction conferred upon it, is therefore acting without authority of law and its judgments and decrees in so acting are void and bind no one." Brown v. Brown, 281 S.W.2d 492, 501 (Tenn. 1995) (citing Sheffy v. Mitchell, 215 S.W.2d 403, 404 (Tenn. 1919)); *see also* Pendergrass, 937 S.W.2d at 837; New River Lumber Co. v. Tenn. Ry. Co., 210 S.W. 639, 640 (Tenn. 1919); Bd. of Dirs. of St. Francis Levee Dist. v. Bodkin Bros., 69 S. W. 270, 273 (Tenn. 1902); Baker v. Mitchell, 59 S. W. 137, 138 (Tenn. 1900).

## CONCLUSION

Because of the Appellant's failure to properly frame his certified question of law, this court is unable to reach the merits of the Appellant's claim as this court has no jurisdiction to entertain this appeal. *See* Tenn. R. Crim. P. 37(b)(2)(i). Accordingly, the appeal is dismissed.

 

_____
DAVID G. HAYES, JUDGE