IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 18, 2002 Session

## CALVIN TANKESLY v. SGT. PUGH, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 00-135-III     Ellen Hobbs Lyle, Chancellor**

———————————

**No. M2000-01520-COA-R3-CV - Filed June 27, 2002**

———————————

WILLIAM C. KOCH, JR., J., dissenting.

While I do not necessarily disagree with the substantive conclusions in the majority's opinion, I have prepared this dissent because neither the trial court nor this court should have addressed the merits of Mr. Tankesly's petition. It was filed in the wrong court.

In 1996, the Tennessee General Assembly enacted a statute specifically addressing the venue of lawsuits filed by prisoners seeking review of prison disciplinary proceedings. Tenn. Code Ann. § 41-21-803 (1997) states that these actions must "be filed in the county in which the facility is located." Even though venue is a personal privilege that can be waived if not raised in a timely manner, *Metropolitan Dev. & Hous. Agency v. Brown Stove Works, Inc.*, 637 S.W.2d 876, 880 (Tenn. Ct. App.1982), waiver does not apply when a transitory action has been localized by statute. In that circumstance, venue is intertwined with the trial court's subject matter jurisdiction which cannot be conferred by waiver or consent. *Curtis v. Garrison*, 211 Tenn. 339, 344, 364 S.W.2d 933, 935 (1963); *Terminix Int'l Co. v. Tapley*, No. 02A01-9701-CH-00028, 1997 WL 437222, at *5 (Tenn. Ct. App. Aug. 4, 1997) (No Tenn. R. App. P. 11 application filed). Accordingly, we have previously dismissed lawsuits filed by prisoners when they have been filed in the wrong county. *Howse v. Campbell*, No. M1999-01580-COA-R3-CV, 2001 WL 459106, at *4 (Tenn. Ct. App. May 2, 2001) (No Tenn. R. App. P. 11 filed).

Appellate courts must take up issues of subject matter jurisdiction even when they have not been raised by the parties. Tenn. R. App. P. 13(b). Mr. Tankesly was incarcerated at the Southeastern Tennessee Regional Correctional Facility in Pikeville when he was disciplined. Therefore, Tenn. Code Ann. § 41-21-803 required him to file his petition in Bledsoe County, not Davidson County. Even though the Attorney General and Reporter has not invoked Tenn. Code Ann. § 41-21-803, we must. This complaint should have been summarily dismissed.

———————————

WILLIAM C. KOCH, JR., JUDGE