MANNING *v.* FEIDELSON *et al.*

(*Nashville*, December Term, 1939.)

Opinion filed February 17, 1940.

JOHN H. LECHLEITER, of Nashville, for complainant.

WARREN WOODS, of Atlanta, Ga., and GEORGE H. CATE, of Nashville, for defendants.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The bill seeks to enjoin defendant trustee from distributing a $20,000 fund in his hands so as to exclude complainant and the class of employees that she represents.

The trustee filed a plea in abatement alleging that he was acting in his capacity as Regional Director of the National Labor Relations Board; hence the court was without jurisdiction of his person. His counsel also moved for a dissolution of the injunction. The chancellor sustained the plea in abatement and dissolved the injunction. The parties have treated this as a dismissal of the bill, although the decree does not so recite, and such is its effect. The complainant duly perfected her

appeal to this court and has assigned the action of the chancellor for error.

The most serious question which confronts us is whether the state courts have jurisdiction of the subject matter. If not, any decree entered by the state courts would be void. *Sheffy* v. *Mitchell*, 142 Tenn., 48, 50, 215 S. W., 403; *Board of Directors* v. *Bodkin Bros.*, 108 Tenn., 700, 69 S. W., 270; *Baker* v. *Mitchell*, 105 Tenn., 610, 59 S. W., 137; *White* v. *Buchanan*, 46 Tenn. (6 Cold.), 32. Jurisdiction in such a case cannot be waived. *Jordan* v. *Jordan*, 145 Tenn., 378, 239 S. W., 423; *In re Southern Lumber & Mfg. Co.*, 141 Tenn., 325, 210 S. W., 639; *Swift & Co.* v. *Memphis Cold Storage Warehouse Co.*, 128 Tenn., 82, 99, 158 S. W., 480. Neither can it be conferred by consent. *Harmon* v. *Tyler*, 112 Tenn., 8, 83 S. W., 1041; *Board of Directors* v. *Bodkin Bros.*, *supra*; *Ridley* v. *Halliday*, 106 Tenn., 607, 61 S. W., 1025, 53 L. R. A., 477, 82 Am. St. Rep., 902; *Galyon* v. *Gilmore*, 93 Tenn., 671, 28 S. W., 301; *Houser* v. *McKennon*, 60 Tenn. (1 Baxt.), 287. Objection for want of such jurisdiction can be made at any time and is fatal whenever presented. *Agee* v. *Dement*, 20 Tenn. (1 Humph.), 332; *Baker* v. *Mitchell*, *supra*; *Ridley* v. *Halliday*, *supra*.

The Washington Manufacturing Company, a corporation, prior to May 1, 1937, operated three textile manufacturing plants in Nashville. On that day complainant and all of the employees of said three plants were notified that they had been closed and that their services had been dispensed with.

Thereafter a complaint was filed with the National Labor Relations Board against said Washington Manufacturing Company charging it with violating the National Labor Relations Act, 29 U. S. C. A., section 151 *et seq.*, with respect to its employees. On January 19,

1938, said Board, in an elaborate finding of facts, concluded, as a matter of law, that said Washington Manufacturing Company had been guilty of unfair labor practices and, among other things, it was ordered to:

"(c)   Make whole all the Nashville employees who were employed by the respondent on April 30, 1937, for any loss of pay they have suffered by reason of the closing of the Nashville plants on May 1, 1937, by payment to each of them, respectively, of a sum equal to that which each of them would normally have earned as wages during the period from May 1, 1937, to the date of the offer of reinstatement, such sum to be calculated in the manner set forth in section V of this decision, less the amount, if any, which each has earned during said period."

On March 31, 1939, a compromise agreement was entered into, which provided that the Washington Manufacturing Company should pay "to the Regional Director of the National Labor Relations Board for the Tenth Region in trust for distribution to such employees and in such amounts as he shall deem just the aggregate sum of Twenty Thousand Dollars ($20,000.00), Ten Thousand Dollars ($10,000.00) to be paid thirty (30) days after approval by the Board of this stipulation, and Ten Thousand Dollars ($10,000.00) to be paid sixty (60) days after approval by the Board of this stipulation."

It is conceded that all stipulations or agreements have to be approved by the Board. In this cause the stipulation was approved by the Board on April 13, 1939. That, in conjunction with the former order of the Board, constituted its final decision as to the settlement of the controversy. The $20,000 was paid to the defendant trustee and by him deposited in bank. Before he undertook to distribute the fund the bill herein was filed on

August 9, 1939, in which it is averred that the Washington Manufacturing Company had in its employ three classes of laborers: namely, (1) members of the Amalgamated Clothing Workers of America, (2) members of its rival, "Independent Union or Association," and (3) persons who were not members of any labor organization. Complainant belongs in this latter class. The bill alleges that the defendant trustee has construed said compromise order to mean that the $20,000 should be distributed solely to the Amalgamated Clothing Workers of America, since it was this union that preferred charges against the Washington Manufacturing Company. The court is asked to construe said stipulation or order and decree the proper parties to participate in the distribution of the fund. In other words, the request is, in effect, that we construe the order of the Board. We have been cited to no authority that confers upon us such power. It was stipulated that the Washington Manfacturing Company was engaged in interstate commerce. The title of the National Labor Relations Act is as follows:

"To diminish the causes of labor disputes burdening or obstructing interstate and foreign commerce, to create a National Labor Relations Board, and for other purposes." 49 Stat. 449.

The act establishes a simple, expeditious and inexpensive procedure for settling "grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work" between employer and employees.

Section 10(a) of the Act provides:

"The Board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice (listed in section 8 [158]) affecting commerce. This power shall be exclusive, and shall not be affected

by any other means of adjustment or prevention that has been or may be established by agreement, code, law, or otherwise.''

Subsection (d) of section 10 is as follows:

''Until a transcript of the record in a case shall have been filed in a court, as hereinafter provided, the Board may at any time, upon reasonable notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any finding or order made or issued by it.''

It is conceded that no transcript of the record in this cause has been filed in any court. Upon the foregoing authority no reason occurs to us as to why complainant cannot file a petition with the Board asking it to construe its original order, as modified by the subsequent agreement, and say who shall participate in the distribution of the $20,000 fund.

Subsection (f) of section 10 provides that any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review in certain designated federal courts; and further provides that the jurisdiction of the federal courts shall be exclusive.

This labor Board is a federal agency created for the purpose of regulating commerce between the states. This is an exclusive power vested in Congress by the Constitution, and the states may not regulate such commerce in any manner. U. S. Const., art. 1, sec. 8, cl. 3. 12 C. J., 12; *Hannibal & St. Joseph R. Co.* v. *Husen*, 95 U. S., 465, 469, 24 L. Ed., 527; *Crutcher* v. *Commonwealth of Kentucky*, 141 U. S., 47, 59, 60, 11 S. Ct., 851, 35 L. Ed., 649; *Brennan* v. *City of Titusville*, 153 U. S., 289, 301, 14 S. Ct., 829, 38 L. Ed., 719. It seems to us that the purpose of this act is the same as that of the Interstate

Commerce Act, 49 U. S. C. A., section 1 *et seq.*, both being created for the purpose of regulating interstate commerce. In 12 C. J., 135, it is said:

"The findings, conclusions, and orders of the interstate commerce commission can be enforced only through the federal courts, the commission itself having no authority to enforce its decision or award, and the state courts being without jurisdiction, except, under the amendment of 1910, to enforce orders of reparation."

With respect to the orders of the Interstate Commerce Commission in the same book on page 130, it is said: "While, as to a matter within its power, an order of the commission is operative until reversed or suspended, on account of the commission being an administrative rather than a judicial body, its order is not self-executing, and it is not final or conclusive in the sense that a judgment or decree of court is, or in the sense that it cannot be changed in the future; and obviously it is not conclusive as to matters not expressly decided." We think this statement has apt application to the National Labor Relations Board.

While we see nothing in the act that would require it to limit this fund to a particular class of employees, that is a question for the Board to decide, and when it does so those who feel aggrieved thereby have a full and complete remedy for relief in the designated courts.

In the Washington Manufacturing Company case the National Labor Relations Board entered an order which, in effect, it subsequently modified solely as to the amount which the Washington Manufacturing Company was to pay. If the original order required it to pay all employees, regardless as to whether they were affiliated with any labor unions, the amended order does not appear to have reduced the number of beneficiaries who are to partici-

pate in the fund paid to the defendant trustee. But, as previously stated, it is for the Board, and not for this court, to construe its orders.

Our conclusion is that the state courts are without jurisdiction of the subject matter, and for this reason the decree of the chancellor dismissing the bill is affirmed.