**BROTHERHOOD OF RAILROAD TRAIN-
MEN et al. v. OWENS et al.**

No. 5505.

Court of Civil Appeals of Texas. Amarillo.

Oct. 5, 1942.

John W. Rutland, Jr., J. Hart Willis, and Thompson, Knight, Harris, Wright & Weisberg, all of Dallas, for appellants.

Victor H. Lindsey, of Lubbock, for appellees.

STOKES, Justice.

The appellees, Albert Owens and thirty-three others, filed this suit on April 9, 1942, against the appellants, the Brotherhood of Railroad Trainmen, a labor organization, hereinafter referred to as the Brotherhood, C. H. Smith, its vice-president, and Texas-New Mexico & Oklahoma Coaches, Inc., hereinafter called the Bus Company, seeking an injunction against the Brotherhood, its officers and agents, particularly C. H. Smith, its vice-president, enjoining them from acting as bargaining agents for appellees or representing them in any manner before the National Labor Relations Board or contracting for them with the Bus Company, also from interfering with the relationship which appellees at that time had with the Bus Company, which they alleged was their employer and by whom they were employed as bus drivers on its interstate line. They also sought to enjoin their employer, the Bus Company, from recognizing the Brotherhood as their representative and bargaining agent, or bargaining or contracting with the Brotherhood as the bargaining agent and representative of appellees, or in any manner repudiating, changing, or altering existing contracts of employment between appellees and the Bus Company without the approval of the appellees.

The petition was presented to the district judge who granted a temporary restraining order returnable April 20, 1942. On that day the matter came before the court upon a hearing which resulted in a temporary injunction being granted by the court, enjoining appellants substantially as prayed for until the final hearing and determination of the cause. On June 1, 1942, the Brotherhood and C. H. Smith filed a motion to dismiss the cause for want of jurisdiction and to dissolve the restraining order and temporary injunction theretofore entered

by the court and, subject thereto, they filed pleas in abatement and in bar in which they also sought to have the injunction dissolved and the cause dismissed. The issues made by these pleadings were heard by the court on June 13, 1942, at which time all of apellants' motions and pleas were overruled, to which action they duly excepted and from which they have prosecuted an appeal to this court. Their principal contentions are: First, that the restraining order and temporary injunction should have been dissolved and the cause dismissed because it involved a labor dispute and, under the act of Congress establishing the National Labor Relations Board, the court below did not have jurisdiction to pass upon the questions involved; and, secondly, that the matters in controversy were involved in a proceeding theretofore filed with the National Labor Relations Board and then pending before such Board, and the court below had no power to interfere with the Board's jurisdiction.

The record shows that the Bus Company is a corporation engaged in interstate commerce, transporting passengers and freight from the State of New Mexico through Texas into Oklahoma, and that appellees constitute all of its employes who drive and operate its passenger busses over its interstate route; that during the year 1941, twenty-one of the Bus Company's drivers executed and delivered to the Brotherhood instruments in the nature of powers of attorney in which the Brotherhood was authorized to represent them in bargaining collectively with their employer, the Bus Company, in respect to rates of pay, wages, hours, and other conditions of employment. These twenty-one drivers constituted a majority of the Bus Company's drivers at that time and although the personnel has changed in slight degree, the powers of attorney were sufficient to create a unit of all of the drivers on its bus line and to authorize the Brotherhood to bargain for them collectively. In the latter part of 1941, the Bus Company's drivers sought to revoke the authority which they had placed in the Brotherhood to bargain for them, and on February 11, 1942, the Brotherhood, acting by C. H. Smith, its vice-president, filed with the National Labor Relations Board charges against the Bus Company in which it alleged that on or about August 28, 1941, and at all times thereafter, the Bus Company had refused to bargain collectively with the Brotherhood, which had been selected by a majority of its bus drivers to represent them in the matter of collective bargaining with the Bus Company concerning rates of pay, wages, hours, and other conditions of employment, and that the Bus Company had theretofore caused its bus drivers to effectuate individual contracts of employment and thereby interfered with, restrained, and coerced its employes in the exercise of their rights guaranteed in Section 9 of the National Labor Relations Act, 29 U.S.C.A. § 159. It alleged that by the acts set forth in the charges, and by other acts and conduct, the Bus Company had interfered with, restrained, and coerced its employes, which constituted unfair labor practise affecting commerce within the meaning of such Act. In its first amended charge the Brotherhood alleged further that on or about February 19, 1941, the Bus Company caused its bus drivers and employes to effectuate individual contracts of employment with it and restrained and coerced its employes in the exercise of their rights guaranteed under Section 7 of the Act, 29 U.S.C.A. § 157.

On February 25, 1942, the regional director of the National Labor Relations Board issued and caused to be served upon the Bus Company notice of a hearing upon the complaint and charges of the Brotherhood, setting the same for March 9, 1942, at the Federal Building in the city of Lubbock. The hearing was held by the examiner of the Board, but when appellees' petition for an injunction was heard in the court below, no judgment or final adjudication had been entered or made by the Board. The record further shows that the appellees in this suit, though not parties in the hearing before the Board, testified at that hearing and were cognizant of its pendency. This suit was filed April 9, 1942, which was after the hearing before the examiner of the National Labor Relations Board, but since no order, judgment, or decree had been entered, the cause was still pending before the Board.

In support of the action of the court in overruling appellants' plea in abatement and motion to dissolve the injunction, appellees contend that an employe has the right to withdraw an authorization of representation under the National Labor Relations Act at any time he desires and that employes have the right to control the actions of their bargaining representatives. We think these contentions of appellees

may be admitted and yet the controlling question presented by this appeal would not be affected. The question here pertains to the jurisdiction of the state court and particularly the court in which the case was tried. Appellants challenge that jurisdiction, and we are of the opinion that their contentions must be sustained. Subsection (a) of Section 160, Title 29, U.S.C.A., provides that "the Board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice * * * affecting commerce. This power shall be exclusive, and shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, code, law, or otherwise." Language could hardly have been employed that would have made the jurisdiction of the National Labor Relations Board more exclusive. The complaint or charge filed with the Board by the Brotherhood alleged that the Bus Company had caused its drivers and employes to effectuate individual contracts of employment and thereby interfered with, restrained, and coerced them in the exercise of their rights under the Act. The contention of appellees pertains to the withdrawals of authorization of representation which they had theretofore extended to the Brotherhood. They say they have the right effectually to withdraw the authorizations and prevent the Brotherhood from representing them without their consent. As we have already said, they no doubt have this right, but in its complaint the Brotherhood alleges, substantially, that the appellees have been intimidated and coerced by their employer and that their attempts to withdraw the authorizations and enter into individual contracts of employment with the Bus Company were the result of, and prompted by, such intimidation and coercion.

These charges against the Bus Company by the Brotherhood, if true, constitute unfair labor practise and come directly under the provisions of Section 160(a) above referred to. In the case of National Labor Relations Board v. Bradford Dyeing Association, 310 U.S. 318, 60 S.Ct. 918, 929, 84 L.Ed. 1226, the United States Supreme Court had under consideration the question of intimidation and coercion of its employes by the appellee. The Board had found that, had it not been for the unfair labor practises of the employer, Bradford Dyeing Association, in organizing and fostering a local union and in persuading, intimidating, and coercing its employes to join it and leave the T. W. O. C. (a C.I.O. affiliate), the employes would have remained members of the latter union. In discussing the question, the Supreme Court said:

"In view of the substantial support in the evidence for the Board's finding that the company intimidated and coerced its employees and dominated the Federation [local union], the Board properly concluded that 'The unfair labor practices of the respondent cannot operate to change the bargaining representative previously selected by the untrammelled will of the majority.' And, accordingly, the Board was justified in its finding 'that on April 4, 1937, and at all times thereafter, the T. W. O. C., pursuant to Section 9(a) of the Act, was the exclusive representative of all the employees in the appropriate unit for purposes of collective bargaining.' "

In the case of Pittsburgh Plate Glass Company v. National Labor Relations Board, 313 U.S. 146, 61 S.Ct. 908, 914, 85 L.Ed. 1251, Justice Reed, speaking for the Supreme Court, and discussing a similar question, said:

"It can hardly be said that the domination of a labor union by an employer is irrelevant to the question of what unit is appropriate for the choice of labor representative but certainly it is a collateral matter in that investigation. It is only a fact to take into consideration. If the unit chosen has an employer dominated union, the workers may be given an opportunity to choose representatives, free of this infirmity, and if the union is free of employer influence, it may be chosen as representative. In short, domination pertains directly to representation but influences the choice of a unit only casually."

Under these holdings of the Supreme Court, the question raised by the Brotherhood in its charge against the Bus Company before the National Labor Relations Board, to the effect that through coercion and intimidation it had caused its bus-driver employes to effectuate individual contracts of employment and thereby interfered with, restrained, and coerced its employes in the exercise of their rights granted under section 7 of the Act, constitutes a charge of unfair labor practise and is relevant to the question of whether the Brotherhood is the choice of appellees as their representative in the matter of collective bargaining with the

employer concerning rates of pay, wages, hours, and other conditions of employment. Section 160(a) of the Act gives exclusive supervision and control of such matters to the Labor Relations Board and sets up the machinery and procedure whereby the Board may ascertain the facts concerning the charge of unfair labor practises and give appropriate relief. While incidental, the question of whether the Bus Company had coerced the appellees and thus induced or forced them to make contracts of employment with it is, nevertheless, within the jurisdiction of the Board. The Act provides for review of the findings and orders of the Board by the Circuit Court of Appeals of the United States and excludes jurisdiction of any other court. The petition for injunction shows that the matters sought to be litigated come clearly within the exclusive jurisdiction of the Board because the allegations therein involve a construction of the National Labor Relations Act and require a finding and adjudication upon the facts therein alleged pertaining to the question of whether the Brotherhood is authorized to represent the appellees, the validity of the alleged authorizations executed by them, and the alleged repudiations or withdrawals of the authority so extended. The undisputed facts introduced upon the hearing show such exclusive jurisdiction by establishing the controversy as one involving the question of coercion and intimidation of the appellees by the Bus Company. The Act not only commits to the Board exclusive jurisdiction of such matters, but it prohibits any court, other than the one designated by it, from issuing any restraining order or temporary or permanent injunction in a case growing out of a labor dispute that is within its purview. The court below was therefore wholly without authority to enter any order upon the petition or hearing except one dismissing the cause. 29 U.S.C.A. § 159(c); Lund v. Woodenware Workers Union et al., D.C., 19 F.Supp. 607; Allen-Bradley Local No. 1111, United Electrical, Radio & Machine Workers of America et al. v. Wisconsin Employment Relations Board, 237 Wis. 164, 295 N.W. 791; Amalgamated Ass'n of Street Electric Ry. & Motor Coach Employees, etc., v. McDowell, Tex.Civ.App., 150 S.W.2d 866; Manning v. Feidelson et al., 175 Tenn. 576, 136 S.W.2d 510; Myers v. Bethlehem Shipbuilding Corporation, Ltd., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638.

From what we have said, it follows that, in our opinion, the court erred in overruling appellants' motion to dismiss the cause and in denying their pleas in abatement. The judgment of the trial court will therefore be reversed, the injunction dissolved, and the trial court directed to dismiss appellees' bill for injunction. All costs accrued in this court and the court below will be taxed against the appellees and the sureties on their injunction bond.