OLIVER *et al. v.* LOCAL OR SUBORDINATE LODGE No. 656, INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIPBUILDERS AND HELPERS OF AMERICA.

*(Knoxville,* September Term, 1944).

Opinion filed December 2, 1944.

Thomas, Folts & Brown, of Chattanooga, for complainants-appellants.

Herbert G. B. King, of Chattanooga, for defendant-appellee.

Mr. Justice Gailor delivered the opinion of the Court.

Complainants, Theodore R. Oliver and W. A. Oliver, who appeal, filed their bill in the Chancery Court of Hamilton County, seeking a declaration of rights. The bill was filed against the Local Lodge of International Brotherhood of Boilermakers, etc., against certain of its officers and agents, and against the Combustion Engineering Company, a corporation which was the employer of the complainants. The defendants filed a demurrer to the bill. By formal decree the Chancellor ordered that the demurrer be taken and treated as a plea in abatement, and that proof be taken upon the issues raised by said plea. After the hearing, having taken the case under advisement, the Chancellor filed two memorandum opinions, in both of which he sustained the plea in abatement and held that the Chancery Court was without jurisdiction. He thereupon dismissed the bill at the cost of the complainants. From this action of the Chancellor the complainants have perfected their appeal and assigned errors.

■ Since proof was taken and heard by the Chancellor this case should have been transferred to the Court of Appeals, but since it was submitted on briefs and no question of a transfer is raised by the defendants, and since we believe that we may dispose of the appeal without deciding any controverted facts, we will dispose of the appeal on facts admitted and a question of law.

In the fall of 1942 and through the spring of 1943 complainants were employed as mechanics by the Combustion Engineering Company, which was a corporation engaged in interstate commerce and doing work on war contracts. During the summer and early fall of 1942, negotiations were in progress between the Engineering Company and its employees for a general contract of employment. On October 2, 1942, the National War Labor Board issued a directive order with regard to this new contract. The only provisions of this directive order which are pertinent here were two; a maintenance of membership clause in the defendant Union, and a provision that the status of membership in such Union of all employees of the defendant Engineering Company should be adjudicated by an arbiter appointed by the National War Labor Board. Both these provisions of the directive order were incorporated in the new contract of employment which went into effect on October 17, 1942, and under the contract the defendant Union was the collective bargaining agent for all employees of the Engineering Company, whether members of the Union or not.

One of the complainants joined the Union in May, 1942 and the other in September of that year. Accepting their statement of the matter, they had ceased to pay their dues to the Union before the contract of October 17, 1942, went into effect, and held no membership in the Union thereafter. In April, 1943, although neither of the com-

plainants had been a member of the Union at the time of the effective date of the contract of employment or had since joined the Union, they were both discharged for the following reason:

"Released from employment of company as per War Labor Board direction order on maintenance of membership."

The propriety of this discharge of the complainants is the entire cause of action, as will be seen from the following prayer of the bill:

"That at the hearing Your Honor declare that complainants were illegally and unlawfully discharged from their jobs with the Combustion Engineering Company; that they were not members of the Union subject to such discharge, that they are entitled to restoration to their jobs with full seniority rights as of the date of their discharge, that they are entitled to pay for the time lost by reason of their illegal and unlawful discharge, and that they are entitled to damages for such illegal and unlawful discharge."

Clearly, this suit is based entirely upon a charge of unfair labor practice under the National Labor Relations Act, 29 U. S. C. A., sec. 151 et seq., and specifically a part of section 8 thereof, which provides that an employer is guilty of unfair labor practice:

"(3) By discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization."

The case of *Manning* v. *Feidelson*, 175 Tenn. 576, 136 S. W. (2d) 510, is directly in point, and in the course of that opinion, Judge McKinney said for the Court (175 Tenn. at pages 581, 582, 136 S. W. (2d) at page 512):

"This labor Board is a federal agency created for the purpose of regulating commerce between the states. This is an exclusive power vested in Congress by the Constitution, and the states may not regulate such commerce in any manner. U. S. C. A. Const., art. 1, sec. 8, clause 3. 12 C. J., 12; *Hannibal & St. Joseph R. Co.* v. *Husen*, 95 U. S. 465, 469, 24 L. Ed. 527; *Crutcher* v. *Commonwealth of Kentucky*, 141 U. S. 47, 59, 60, 11 S. Ct. 851, 35 L. Ed. 649; *Brennan* v. *City of Titusville*, 153 U. S. 289, 301, 14 S. Ct. 829, 38 L. Ed. 719. It seems to us that the purpose of this act is the same as that of the Interstate Commerce Act, 49 U. S. C. A., sec. 1 et seq., both being created for the purpose of regulating interstate commerce. In 12 C. J. 135, it is said:

" 'The findings, conclusions, and orders of the interstate commerce commission can be enforced only through the federal courts, the commission itself having no authority to enforce its decision or award, and the state courts being without jurisdiction, except, under the amendment of 1910, to enforce orders of reparation.' " Compare 15 C. J. S., Commerce, sec. 148, p. 553, at clause with note number 10.

For the reasons stated, this Court held that our State Courts are without jurisdiction of controversies under the National Labor Relations Act, 29 U. S. C. A., sec. 151 et seq., and it follows, therefore, that any order that we might enter, except that of dismissal for lack of jurisdiction, would be void. *Manning* v. *Feidelson, supra*, 175 Tenn. at page 578, 136 S. W. (2d) 510.

Accordingly the decree of the Chancellor is affirmed and the bill dismissed at the complainants' cost.