**Janice Kay GILLESPIE,**
**Petitioner-Appellee,**

v.

**STATE of Tennessee,**
**Respondent-Appellant.**

Court of Appeals of Tennessee,
Western Section
at Jackson.

March 30, 1981.

Permission to Appeal Denied by Supreme Court July 6, 1981.

Robert B. Littleton, Sp. Deputy Atty. Gen. and Keith Jordan, Asst. Atty. Gen., for respondent-appellant.

Jeffrey Jones, Memphis, for petitioner-appellee.

MATHERNE, Judge.

The issue in this lawsuit is whether the trial court had subject matter jurisdiction over a claim filed by the petitioner for compensation under the Criminal Injuries Compensation Act of 1976, when the crimi-

nal act complained of occurred prior to July 1, 1978.

The facts are not contested. On March 12, 1978, Janice Kay Gillespie was shot while driving her automobile in Memphis, Shelby County, Tennessee. As a result of this injury, she was hospitalized and incurred extensive hospital bills. She also suffered an apparent physical impairment to her body as a whole.

Chapter 427 Public Acts 1977, Section 4, amending the 1976 act states as follows:

This act shall take effect July 1, 1977, the public welfare requiring it, for the purpose of clarifying the provisions of Tennessee Code Annotated, Sections 23–3502 and 40–3207. For all other purposes it shall take effect July 1, 1978. No compensation shall be paid to victims of crimes occurring before July 1, 1978.

The petitioner filed her claim in the Circuit Court sitting in Shelby County, Tennessee. The state answered through the district attorney general, but did not challenge the claim as having occurred prior to July 1, 1978. The trial judge entered an order on January 4, 1980, awarding the petitioner $5,589.70 plus attorney's fees of $838.45. No appeal was perfected from that judgment.

On May 9, 1980, the petitioner filed a motion in the circuit court asking for an order to compel the state to comply with the January 4, 1980 judgment. The state filed its response to that motion setting out the fact that the incident for which payment was ordered arose prior to July 1, 1978, and that the judgment was, therefore, in contravention of the statute cited above. The state argued that the Board of Claims was not obligated to honor the judgment.

The trial judge entered an order on May 30, 1980, wherein he noted that the state made no defense to the claim and did not appeal the January 4, 1980 judgment which rendered that judgment final. The trial judge ordered the Board of Claims to pay the amounts stated in the January 4, 1980 judgment. The state appeals that order.

Admittedly, under the act, the circuit courts of the state were given jurisdiction to determine and award compensation to a claimant. T.C.A. § 29–13–103. The circuit courts of the state derive that jurisdiction only by the statute. When jurisdiction was given, it was limited to those claims growing out of incidents which occurred on or after July 1, 1978. The incident out of which the petitioner's claim arose occurred on March 12, 1978, and no court was given jurisdiction to determine and award compensation for damages resulting from that incident. We hold that the Circuit Court sitting in Shelby County, Tennessee, did not have subject matter jurisdiction of his particular claim.

The plaintiff argues that the January 4, 1980 judgment is final and not subject to collateral attack. In *Brown v. Brown* (1955) 198 Tenn. 600, 281 S.W.2d 492, 501, the court stated:

Courts derive their powers to adjudicate not from the parties, but from the law. A Court acting without jurisdiction of the subject matter, or beyond the jurisdiction conferred upon it, is therefore acting without authority of law and its judgments and decrees in so acting are void and bind no one. *Sheffy v. Mitchell*, 142 Tenn. 48, 215 S.W. 403.

We can not accept the argument that because the district attorney general failed to plead the statutory requirement, the defense of lack of subject matter jurisdiction was waived. When a court lacks jurisdiction of the subject matter, it can not be conferred either by waiver or consent, and all of its orders and decrees are a nullity and may be collaterally attacked. *Southern Lumber & Mfg. Co., Petition of*, (1918) 141 Tenn. 325, 210 S.W. 639; *Brown v. Brown, supra.* We further conclude that under Rule 12.08, Tennessee Rules of Civil Procedure, the lack of subject matter jurisdiction may be raised at any time by the court or by the parties.

It results that the judgment of the trial court dated January 4, 1980, and the order dated May 30, 1978, are declared null, void

and of no effect. This lawsuit is dismissed at the cost of the petitioner.

NEARN and SUMMERS, JJ., concur.