IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS JULY 7, 2006

## LLOYD W. MOORE, ET AL. v. DR. RONALD D. TEDDLETON, ET UX.

**Direct Appeal from the Chancery Court for Carroll County**
**No. 02-CV-0092     C. Creed McGinley, Chancellor**

_____

**No. W2005-02746-COA-R3-CV - Filed November 7, 2006**

_____

This case began as a breach of warranty and misrepresentation action against a husband and wife as sellers of property. The buyers had been sued in a separate action by adjoining landowners who disputed the boundary between their land and the property purchased by the buyers. After a judgment was entered against the buyers ordering them to convey a portion of the property to their neighbors, they filed suit against the sellers, who had since divorced. The trial court entered a default judgment against the wife after she failed to defend the case. The court then dismissed the husband from the case pursuant to Tenn. R. Civ. P. 19, finding that he had been an indispensable party to the previous boundary dispute lawsuit between the buyers and their neighbors, and that failure to join him in that lawsuit required that he be dismissed from this subsequent suit. The buyers timely filed their notice of appeal. The trial court subsequently entertained and granted the wife's motion to set aside the default judgment and ultimately dismissed her from the suit as well, finding that she had also been an indispensable party to the boundary dispute action and was not joined in the lawsuit. For the following reasons, we vacate the trial court's order which set aside the default judgment, reverse the trial court's order dismissing the claims against the husband, and remand the cause for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Vacated in Part, Reversed in Part and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Michael U. King, Huntingdon, TN, for Appellants

Dwayne D. Maddox, III, Huntingdon, TN, for Appellee Dr. Ronald D. Teddleton

Mark L. Agee, Trenton, TN, for Appellee Karen Teddleton

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

On March 17, 1999, Lloyd W. Moore, Joyce I. Moore, Heath A. Moore, Melinda R. Moore, Kendle W. Moore, and Brandon J. Moore (the "Moores" or "Appellants") purchased a tract of land located in Carroll County, Tennessee, from Ronald D. Teddleton and his wife, Karen E. Teddleton (the "Teddletons" or "Appellees"). The Teddletons provided a general warranty deed to the Moores purporting to convey 73.37 acres of land for $55,000.00. The property included several acres of valuable timber, which, according to the Moores, was specifically pointed out by Mr. Teddleton prior to the sale.

On July 21, 2000, the Moores were sued by adjoining landowners, Elmer Lee Kyle and his wife, Bessie Lee Kyle (the "Kyles" or "the Kyle litigation").[1] The Kyles disputed the location of the boundary line between their property and the property acquired by the Moores claiming that part of the 73.37 acres belonged to them. In addition, they alleged that the Moores had wrongfully cut timber on the land belonging to the Kyles and sought treble damages for its value. The Kyles later amended their complaint to include as a defendant Wade Norris d/b/a Wade Norris Logging, LLC, which the Moores had hired to cut the timber on the property they purchased from the Teddletons. In turn, the logging company filed a cross-complaint against the Moores seeking attorney's fees and loss of income and requesting that the Moores be required to hold it harmless for any judgment entered against it.

The Kyle case came to be heard before Chancellor Ron E. Harmon in the Chancery Court for Carroll County on January 24, 2002. At the hearing, each party presented the testimony of licensed surveyors and the Kyles presented a professional forester who valued the stumpage for the cut timber at $39,924.45. Mr. Teddleton, the grantor, also appeared to testify. The Chancellor then took a break and urged the parties to reach an agreement. According to the Moores, they were basically given three options by the court as to what their settlement should be. Thereafter, the parties announced that they had agreed to accept a boundary line that essentially divided the difference between the two surveys. This action resulted in the Moores losing eleven acres of the property deeded by the Teddletons. The parties also stipulated that the Kyles were entitled to a judgment for $40,000.00, representing double the value of the timber cut from the Kyles' side of the agreed-upon boundary. In addition, the Moores stipulated that the logging company was entitled to a judgment for its expenses in the amount of $2,480.00. On March 6, 2002, the Chancellor entered his judgment in the case setting forth the parties' stipulations. Approximately eleven acres were thereby transferred from the Moores to the Kyles, and judgment was granted against the Moores in the

---

[1] There is limited information in the record about the Kyle case. It was filed in the Chancery Court for Carroll County, Tennessee, Docket No. 20-CV-143. Most of these facts have been taken from the "Statement of the Case" in the Appellant's Brief, which was adopted and incorporated by reference into the briefs of the Appellees. These additional facts are included only for clarification and have no bearing on our conclusion regarding the merits of this appeal.

amount of $42,480.00.

Upon conclusion of the Kyle litigation, the Moores filed a complaint against the sellers, the Teddletons, alleging breach of warranty and misrepresentation. The Moores claimed that the Teddletons had breached the covenants contained in their warranty deed because eleven acres were found to belong to adjoining property owners. As such, the Teddletons were not lawfully seized of the property and did not have the right to convey the property, as they had warranted. The Moores also included a claim for misrepresentation. The Moores stated that they had justifiably relied on Mr. Teddleton's representations, as he "toured the property with the Plaintiffs and pointed to the boundaries, indicating that they had been established by survey." Also, Mr. Teddleton allegedly represented that all timber within those indicated boundaries was included with the property to be sold. The Moores claimed that, although Mr. Teddleton may have had a survey prepared of the property, he did not use that surveyed property description in the deed to the Moores. Therefore, they alleged that Mr. Teddleton knew or should have known that the ownership of some of the acres he conveyed was at least disputed.

The Moores' request for relief included the value of the eleven acres that the Carroll County Chancery Court transferred to the Kyles, the cost of the damages incurred from the suit in the amount of $42,280.00, and their attorney's fees incurred in defending the suit in the amount of $4,000.00, less the proceeds they had received from the sale of the timber.

The Teddletons were served with a copy of the complaint and civil summons on June 12, 2002. The Teddletons separated and litigated an action for divorce at some point during the pendency of the Moores' action. On November 7, 2002, the Moores filed a Motion for Default Judgment against both defendants as no answer had been filed on their behalf. However, the motion was not granted at that time. Mr. Teddleton filed his Answer and an accompanying Motion to Dismiss on January 22, 2003. His Motion to Dismiss asked the court to dismiss him as a defendant pursuant to Rule 12 and Rule 19 of the Tennessee Rules of Civil Procedure. After mentioning the boundary dispute and timber lawsuit between the Moores and the Kyles, he stated:

> That the defendant Ronald D. Teddleton was not made a party to that action and should have been added as an indispensable party in that his rights would be directly affected by the decision rendered in that action, to prevent inconsistent judicial decisions and to protect his interest in a just adjudication.
>
> That as a result of not being made a party in the previous action, the defendant's rights and remedies have been prejudiced.

For this reason, among others, he requested a dismissal from the action.

No responsive pleadings were filed on behalf of Mrs. Teddleton. The Moores' motion for a default judgment was heard on July 12, 2005 by Judge C. Creed McGinley.[2] The court found that reasonable efforts were made in order to locate Mrs. Teddleton and publication notice had been run as required by law. On August 12, 2005, a default judgment was entered against Mrs. Teddleton in the amount of $71,943.75 representing the Moores' damages for breach of warranty, in addition to $253.15 for court costs and $641.24 in discretionary costs.

On August 30, 2005, Mr. Teddleton's motion to dismiss was heard in Carroll County Circuit Court before Judge McGinley. The parties' debate was limited to whether Mr. Teddleton had been an indispensable party to the previous action involving the Kyles requiring the subsequent action to be dismissed. The court concluded that Mr. Teddleton's motion should be sustained pursuant to Rule 19, and entered an order dismissing him on September 21, 2005. The Moores filed a timely notice of appeal in the chancery court on September 30, 2005.

Mrs. Teddleton's first appearance in this action was on November 2, 2005, when she filed a "Motion to Set Aside Default Judgment." In the motion she stated that the property at issue had been awarded to Mr. Teddleton in their divorce and that the same case which had been filed against him had been dismissed. She admitted that she had received service of the original complaint, but she stated that she received no notice of the default judgment.[3] Mrs. Teddleton claimed that she had provided a copy of the original complaint to her divorce attorney and was under the mistaken impression that he would represent her in this matter as well. She did meet with her attorney regarding this lawsuit and was advised of her available defenses in the case, but she did not retain counsel in the matter. Mrs. Teddleton also claimed that she expected Mr. Teddleton to handle the lawsuit because he was awarded the property at issue in the divorce. She asserted that she had a meritorious defense to the underlying action inasmuch as she had no actual involvement with the Moores' transaction, and in addition, reemphasized that the suit against Mr. Teddleton had been dismissed.

Mrs. Teddleton subsequently filed a "Motion to Dismiss" asking the court to dismiss the claims against her pursuant to Rule 12 and Rule 19 of the Tennessee Rules of Civil Procedure. This motion repeated verbatim the grounds for dismissal stated in Mr. Teddleton's recently sustained motion.

The trial court granted Mrs. Teddleton's motion to set aside the default judgment on the pleadings, in an order entered on February 3, 2006. Although Mrs. Teddleton had admitted receiving service of the complaint, the court found that she was under the mistaken impression that the award

---

[2] The case was transferred to Judge McGinley because Chancellor Harmon had presided over the original action between the Moores and the Kyles.

[3] At the original hearing on the Motion for Default Judgment, the court had found that reasonable efforts were made in attempting service, and that publication notice was run in a Carroll County newspaper. Apparently after the divorce, Mrs. Teddleton was "residing for periods of time" in the State of Arizona. However, she never resided in Carroll County where publication notice was run but was a resident of Gibson County.

of the real estate to her husband in the divorce would relieve her of any obligations in the lawsuit. Also, the court found that Mrs. Teddleton was under the mistaken impression that her divorce attorney would represent her interest in the lawsuit, even though no additional contract or retainer was arranged regarding the suit. The court further noted that the defendant did not receive actual notice of the motion seeking a default judgment against her. She was not residing in Carroll County where publication notice was run, and service was not attempted through the Secretary of State, which had been a successful means of serving her with the original complaint. On the same day the default judgment was set aside, the trial court sustained Mrs. Teddleton's motion to dismiss, removing her from the lawsuit.

## II. ISSUES PRESENTED

Appellants have timely filed their notice of appeal and present the following issues, as we perceive them, for review:

1.  Whether the trial court erred by setting aside the default judgment entered against the Appellee, Karen E. Teddleton; and
2.  Whether the trial court erred by dismissing the Appellants' complaint pursuant to Tenn. R. Civ. P. 19 for failing to join the Defendants in the previous lawsuit.

For the following reasons, we vacate the order setting aside the default judgment, reverse the decision of the chancery court and remand for further proceedings.

## III. STANDARD OF REVIEW

This Court reviews findings of fact by a trial court sitting without a jury under a *de novo* standard with a presumption of correctness for those findings. Tenn. R. Civ. P. 13(d). We review a trial court's conclusions of law under a *de novo* standard upon the record with no presumption of correctness. ***Union Carbide Corp. v. Huddleston***, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

## IV. DISCUSSION

### A. Order Setting Aside the Default Judgment

On appeal, the Moores assert that the chancery court erred when it set aside the default judgment previously entered against Mrs. Teddleton. In its order, the trial court set forth findings of fact but did not specify the legal basis for its relief. The court stated that the motion was granted "pursuant to the relevant Tennessee Law and Rules of Civil Procedure . . . ." Because Mrs. Teddleton's motion stated that she was entitled to relief under the provisions of Rule 60, we regard it as a Rule 60.02 motion. ***See Cathey v. City of Dickson***, No. M2001-02425-COA-R3-CV, slip op. at 7 (Tenn. Ct. App. W.S. May 10, 2002).

Tenn. R. Civ. P. 60.02 provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . or (5) any other reason justifying relief from the operation of the judgment.

The Moores contend that Mrs. Teddleton's neglect in filing an answer and defending the action should not have been excused by the court, as she admitted she was served with notice of the action and even discussed her defenses with an attorney but chose not to participate.

A proper analysis of this case requires us to address the trial court's jurisdiction. *First American Trust Co. v. Franklin-Murray Development Co., L.P.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001). Tenn. R. App. P. 13(b) requires us to address jurisdictional issues even when neither party has raised the question on appeal.[4] *Id.* Subject matter jurisdiction involves a court's power to adjudicate a controversy brought before it. *First American Trust*, 59 S.W.3d at 140 (citing *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000); *Turpin v. Conner Bros. Excavating Co.*, 761 S.W.2d 296, 297 (Tenn. 1988); *Cashion v. Robertson*, 955 S.W.2d 60, 63 (Tenn. Ct. App. 1997)). "Issues concerning subject matter jurisdiction are so important that appellate courts must address them even if they were not raised in the trial court." *Id.*, (citing *Manning v. Feidelson*, 175 Tenn. 576, 578, 136 S.W.2d 510, 510-11 (1940); *Morrow v. Bobbitt*, 943 S.W.2d 384, 392 (Tenn. Ct. App. 1996); *Gillespie v. State*, 619 S.W.2d 128, 129 (Tenn. Ct. App. 1981)). A judgment or order entered by a court without subject matter jurisdiction is void. *First American Trust*, 59 S.W.3d at 141, (citing *Brown v. Brown*, 198 Tenn. 600, 610, 281 S.W.2d 492, 497 (1955); *Riden v. Snider*, 832 S.W.2d 341, 343 (Tenn. Ct. App. 1991); *Scales v. Winston*, 760 S.W.2d 952, 953 (Tenn. Ct. App. 1988)). When this Court determines that a trial court lacked subject matter jurisdiction over a matter, it must vacate its judgment and dismiss the case without reaching the merits of the appeal. *Id.*, (citing *J.W. Kelly & Co. v. Conner*, 122 Tenn. 339, 397, 123 S.W. 622, 637 (1909); *Dishmon v. Shelby State Cmty. College*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999)).

The record indicates that the trial court entered its final order dismissing Mr. Teddleton from the action on September 21, 2005. The default judgment had been entered against Mrs. Teddleton earlier in the proceedings. The Moores timely filed their notice of appeal with the chancery court on September 30, 2005. It was not until November 2, 2005, that Mrs. Teddleton made her first appearance in this action entering her "Motion to Set Aside Default Judgment." The trial court proceeded to entertain Mrs. Teddleton's motion and her subsequent "Motion to Dismiss," ultimately setting aside the default judgment and dismissing her from the case on February 3, 2006.

In *Spence v. Allstate Ins. Co.*, 883 S.W.2d 586, 595-96 (Tenn. 1994), the Tennessee

---

[4] Tenn. R. App. P. 13(b) provides, in relevant part, that "the appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review . . . ."

Supreme Court resolved the issue of whether a trial court has jurisdiction to entertain a Rule 60 motion once an appeal is pending. The Court considered the approaches taken under the Federal Rules of Civil Procedure and agreed with the view held in various circuits that a court "has no jurisdiction to consider a [Rule 60] motion after a notice of appeal has been filed." *Id.* at 595. The Court wished to avoid the situation in which a case may be pending in more than one court at a time, and, therefore, the Court held that "a trial court has no jurisdiction to consider a Rule 60.02 motion during the pendency of an appeal." *Id.* at 596. If a party wishes to seek relief from a judgment during that time, he has the option of applying to the appellate court for an order of remand. *Id.*

As we have already discussed, the Moores timely perfected their notice of appeal on September 30, 2005. From that point forward, the trial court lacked jurisdiction to entertain a Rule 60 motion.[5] On November 2, 2005, Mrs. Teddleton filed her motion requesting the trial court to set aside the default judgment. The court granted the motion on February 3, 2006, four months after the Moores' notice of appeal was filed. Because the parties did not request a remand from this Court, the trial court lacked jurisdiction to consider Mrs. Teddleton's motion and its order is void as a nullity. *See Cathey v. City of Dickson*, No. M2001-02425-COA-R3-CV, slip op. at 7 (Tenn. Ct. App. W.S. May 10, 2002). Therefore, we vacate the trial court's order sustaining Mrs. Teddleton's Rule 60 motion and setting aside the default judgment against her.

---

[5] We should note that in *First American Trust*, the Middle Section of this Court stated that a trial court loses jurisdiction "once a party *perfects* an appeal," which consists of "filing a timely notice of appeal *and either an appeal bond or affidavit of indigency.*" 59 S.W.3d at 141 (2001) (emphasis added). In the case at bar, the Moores filed a "Cost Bond" along with their notice of appeal, acknowledging Lloyd Moore (appellant) as surety for the costs of the cause. Following the trial court's subsequent action setting aside Mrs. Teddleton's default judgment, the Moores deposited $1000.00 with the Carroll County Chancery Court Clerk's office in lieu of a surety bond. Thus, it is not clear whether the Moores' appeal was technically *perfected* prior to the trial court's order setting aside the default judgment. Still, in our view, the outcome remains the same.

When our Supreme Court originally addressed the issue in *Spence*, it held that a trial court lacked jurisdiction "during the pendency of an appeal." 883 S.W.2d at 596. However, the Court was adopting the approach of other jurisdictions that a trial court "has no jurisdiction . . . after a notice of appeal has been filed." *Id.* at 595. In addition, the overwhelming majority of cases citing *Spence* and discussing the issue have stated that an appellate court has jurisdiction over the case after the notice of appeal is filed, with no mention of when the appeal bond must be properly entered. *See State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996); *Holladay v. Speed*, No. W2005-01045-COA-R3-CV, slip op. at 6 (Tenn. Ct. App. W.S. Dec. 28, 2005); *City of Memphis v. Civil Service Com'n, City of Memphis*, No. W2002-01556-COA-R3-CV, slip op. at 3 (Tenn. Ct. App. W.S. Sept. 15, 2003); *Glover v. Glover*, No. E2002-01690-COA-R3-CV, slip op. at 2 (Tenn. Ct. App. E.S. Feb. 25, 2003); *Cathey v. City of Dickson*, No. M2001-02425-COA-R3-CV, slip op. at 7 (Tenn. Ct. App. W.S. May 10, 2002); *Lewis v. Frances*, No. M1998-00946-COA-R3-CV, slip op. at 13-14 (Tenn. Ct. App. M.S. March 7, 2001). Also, although Tenn. R. App. P. 6(a) states that "a bond for costs on appeal shall be filed by the appellant in the trial court with the notice of appeal," failure to file an appeal bond does not automatically invalidate a party's notice of appeal. Therefore, we find that jurisdiction over the case vested in this Court upon the Moores' timely filing of notice of appeal.

## B.    *Dismissal pursuant to Rule 19*

The Moores also contend that the trial court erred by dismissing their breach of warranty and misrepresentation claims against Mr. Teddleton pursuant to Rule 19.[6] As previously discussed, the Moores were sued by adjoining landowners, the Kyles, who disputed the boundary between their parcel and the one purchased by the Moores. The Kyles claimed a portion of the 73.37 acres conveyed to the Moores and requested damages for timber which had been cut from that area of the property. The Kyles also brought suit against the logging company hired by the Moores to remove the timber. The Kyle suit resulted in the parties agreeing upon a boundary, the Moores transferring eleven acres to the Kyles, and a judgment against the Moores for $42,280.00 which included damages for the cut timber and the cost of the logging company's attorney's fees. The chancellor incorporated these stipulations into his final judgment.

In the case at bar, Mr. Teddleton claimed in his answer and motion to dismiss that he was an "indispensable party" to the previous suit involving the Kyles. According to Mr. Teddleton, the Moores' failure to join him as a party in the Kyle action had prejudiced his rights and remedies such that the trial court was required to dismiss this subsequent suit against him. The court agreed at the motion hearing, concluding that "the motion to dismiss should be sustained by the Court pursuant to Rule 19." An order was entered dismissing the claims against Mr. Teddleton on September 21, 2005.

We begin by examining the relevant language of Tenn. R. Civ. P. 19.01, entitled "Persons to Be Joined if Feasible":

> A person who is subject to service of process shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

The Rule is designed to protect the interests of absent persons, as well as those before the court, from multiple litigation and inconsistent judicial determinations. *Citizens Real Estate & Loan Co., Inc. v. Mountain States Dev. Corp.*, 633 S.W.2d 763, 766 (Tenn. Ct. App. 1981).

First, the Moores contend that Mr. Teddleton was not an "indispensable party" to the first

---

[6] Because our analysis of the previous issue is dispositive of the claim against Mrs. Teddleton, we will only consider whether the trial court properly dismissed the Moores' action against Mr. Teddleton pursuant to Rule 19.

action. We agree. Although Mr. Teddleton may have been a "proper party" to be joined in the Kyle suit, he was not an "indispensable party" pursuant to Rule 19. "A proper party is not the same as a necessary or indispensable party." ***Brewer v. Lawson***, 569 S.W.2d 856, 858 (Tenn. Ct. App. 1978). A "proper party" to a lawsuit is one who has legal or equitable rights in the subject of the litigation. ***Horton v. Tennessee Dept. of Correction***, No. M1999-02798-COA-R3-CV, slip op. at 5 (Tenn. Ct. App. M.S. Sept. 26, 2002) (citing *Steele v. Satterfield*, 148 Tenn. 649, 654, 257 S.W. 413, 414 (1923); William H. Inman, *Gibson's Suits in Chancery* § 51 (7th ed. 1988)). A proper party is so connected with the dispute as to be under an enforceable obligation to the plaintiff, or to have a right or position with regard to the subject of the litigation that entitles him to defend against the court's judgment. ***Id.*** (citing Inman, *supra*, § 53). However, a proper party is not necessarily an indispensable party for the purposes of Tenn. R. Civ. P. 19.01. ***Id.*** "Only a party who will be directly affected by a decree *and whose interest is not represented by any other party to the litigation* is an indispensable or necessary party, that is, one without which no valid decree may be entered settling the rights between the parties that are before the [c]ourt." ***Brewer***, 569 S.W.2d at 858 (emphasis added).

Although Mr. Teddleton was affected by the chancellor's decree in the Kyle suit, he and the Moores would appear to have had an identity of interests. Both parties would have benefitted if the Moores were allowed to keep the property in its entirety. Also, there is no indication that Mr. Teddleton's absence rendered the court unable to afford complete relief to the parties before it. In fact, it seems to be well settled that "a prior owner is not a necessary party" to a boundary line dispute. 12 Am. Jur. 2d *Boundaries* § 101 (2006). *See also* 11 C.J.S. *Boundaries* § 110 (2006) (explaining that a grantor is unnecessary as a party, but may properly join and prosecute the action if he wishes and has agreed to do so); Backman, James H. & David A. Thomas, *Disputes Between Adjoining Landowners - Easements* § 8.07 (Michael Bruno et al. eds., 2005) (stating that a prior owner having no interest in neighboring properties need not be joined). Although Mr. Teddleton may have been a "proper party" to the Kyle suit, he was not an "indispensable party" in the sense that his absence would prevent the trial court from entering a valid decree settling the rights between the Moores and the Kyles.

The Moores also assert that, even assuming Mr. Teddleton was an indispensable party to the Kyle lawsuit, it was inappropriate for the trial court to dismiss this subsequent action on that basis. Our Supreme Court has stated that "when a party fails to comply with the required procedures on joining an indispensable party, the appropriate remedy is not dismissal of the action." ***McNabb v. Highways, Inc.***, 98 S.W.3d 649, 656 (Tenn. 2002) (citing Tenn. R. Civ. P. 21, entitled "Misjoinder and Nonjoinder of Parties," which states that "[m]isjoinder of parties is not ground for dismissal of an action"). In *McNabb,* the Court also noted that the "invitation for this Court to adopt a rule requiring or allowing dismissal for the failure to join an indispensable party conflicts with the express language of the applicable rules." ***Id.*** Still, *McNabb* dealt with the dismissal of a case where potential tortfeasors were not joined *in that same case. **Id.*** We realize that the issue of joinder is normally raised in an original action in the trial court, so that misjoinder or nonjoinder may be corrected during the proceedings by joining the party. Tenn. R. Civ. P. 21 advisory commission comment. Because we have concluded that Mr. Teddleton was not an "indispensable party" to the

previous action, we decline the opportunity to address the issue of whether Rule 19 authorizes a trial court to dismiss a case on the ground of nonjoinder of a party in a separate and distinct action.[7]

In Mr. Teddleton's brief, he agrees with the notion that misjoinder or nonjoinder of parties is not grounds for dismissal. However, he then claims that the trial court was actually proceeding under Rule 12 as a judgment on the pleadings or possibly treating the motion as one for summary judgment under Rule 56. He subsequently refers to the order as an involuntary dismissal under Rule 41.02. We find that his argument is not supported by the record. Mr. Teddleton's "Motion to Dismiss" requested relief under Rule 12 and Rule 19 of the Tennessee Rules of Civil Procedure. The trial court's order only states that the motion was sustained "upon arguments of counsel and the record as a whole." However, an examination of the transcript from the motion hearing clearly reveals that the court granted the motion under Rule 19. The only argument presented by Mr. Teddleton's counsel pertained to the issue of whether he was an indispensable party.[8] Furthermore, the judge stated at the conclusion of the hearing that "the motion to dismiss should be sustained by the Court pursuant to Rule 19."

Because we have concluded that Mr. Teddleton was not an indispensable party to the Kyle action, we reverse the decision of the chancery court and remand this cause for further proceedings not inconsistent with this opinion.

## V. CONCLUSION

For the aforementioned reasons, we vacate the order of the chancery court which set aside the default judgment against Mrs. Teddleton, and we reverse the decision of the court dismissing Mr. Teddleton and remand for further proceedings. Costs of this appeal are taxed to Appellees, Ronald D. Teddleton and Karen E. Teddleton, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

---

[7] Tenn. R. Civ. P. 19.01 authorizes a trial court to order that an indispensable party be made a party if not so joined. If that person cannot be made a party, the court is directed in Tenn. R. Civ. P. 19.02 to determine whether the action should proceed among the parties before it, or should be stayed or dismissed. These remedies are made available to the trial court in which the case is pending. There is no mention of the authority of a separate trial court to dismiss a subsequent action on the basis of nonjoinder in previous cases.

[8] Specifically, Mr. Teddleton's counsel stated that they had filed a motion "alleging under Rule 19 that he was an indispensable party," he stated that his rights were prejudiced as a result, and requested "pursuant to Rule 19 that the case against him should be dismissed."