IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 2, 2018

## DR. NORMAN C. LOGGINS v. CONTINENTAL APARTMENTS ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-004362-16   Jerry Stokes, Judge**

_____

### No. W2017-00955-COA-R3-CV
_____

This complaint is a forcible entry and detainer action. Appellant appeals the trial court's denial of his motion for default judgment. The order appealed is not a final judgment so as to confer subject matter jurisdiction on this Court pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Accordingly, we dismiss the appeal. Because the trial court entered its order dismissing Appellant's complaint while the appeal was pending in this Court, we vacate the order of dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated;**
**Appeal Dismissed**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and W. NEAL MCBRAYER, J., joined.

Dr. Norman C. Loggins, Memphis, Tennessee, *Pro Se*.

Cedrick D. Wooten, Memphis, Tennessee, for the appellees, Continental Apartments, Harvard Stephens, and Barbara Nabrit Stephens.

## OPINION

### I.    Background

On October 26, 2016, Dr. Norman C. Loggins ("Appellant") filed a complaint against Continental Apartments, Harvard Stephens, and Barbara Nabrit Stephens (together "Appellees"). In his complaint, Appellant alleges that he was wrongfully evicted in violation of Tennessee Code Annotated Section 29-18-127. Specifically,

Appellant alleges that, on February 10, 2015, the Shelby County General Sessions Court entered a judgment in favor of Continental Apartments, granting a writ of possession for 1422 Lamar Avenue, Apartment #607. According to Appellant, Continental Apartments changed the locks on his apartment the same day the judgment was entered, thereby denying him an opportunity to retrieve his belongings in violation of Tennessee Code Annotated Section 29-18-127. Appellant alleges that Continental Apartments and its agent never informed him of the location of his personal property, leaving Appellant with only the clothes on his back. Appellant's complaint requests compensatory damages in the amount of $9,802,834.32 and punitive damages in the amount of $35,000,000.00.

On December 14, 2016, Continental Apartments filed an answer wherein it denied the material allegations of the complaint. As an affirmative defense, Continental Apartments alleged that Appellant's complaint failed to state a claim upon which relief could be granted.[1] Two weeks after Continental Apartments filed its answer to the complaint, Appellant filed a motion for default judgment. On April 7, 2017, the trial court entered an order denying Appellant's motion. On May 8, 2017, Appellant filed the instant appeal. Appellant's notice of appeal specifically states that the order appealed is the April 7, 2017 order denying the motion for default judgment. While Appellant's appeal was pending in this Court, on July 14, 2017, the trial court entered an order dismissing the complaint for lack of prosecution. Appellant raises one issue as stated in his brief, which is "whether the trial court erred in not granting [Appellant's] motion for default after the expiration of the thirty day period, in which [Appellee] failed to file an answer to the complaint."

Before reaching Appellant's issue, Tennessee Rule of Appellate Procedure 13(b) requires this Court to determine whether it has subject matter jurisdiction to adjudicate an appeal. Specifically, Tennessee Rule 13(b) of Appellate Procedure provides:

> The appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review, and may in its discretion consider other issues in order, among other reasons: (1) to prevent needless litigation, (2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process.

Tenn. R. App. P. 13. Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived. *Meighan v. U.S. Sprint Commc'ns Co.,* 924 S.W.2d 632, 639 (Tenn. 1996). "Issues concerning subject matter jurisdiction are so important that appellate courts must address them even if they were not raised in the trial court." *First Am. Trust Co. v. Franklin-Murray Dev. Co.,* 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001) (citing *Manning v. Feidelson,* 136 S.W.2d 510, 510-11 (Tenn. 1940); *Morrow v.*

---

[1] Harvard Stephens and Barbara Stephens never filed an answer to Appellant's complaint.

- 2 -

***Bobbitt****,* 943 S.W.2d 384, 392 (Tenn. Ct. App. 1996); and ***Gillespie v. State****,* 619 S.W.2d 128, 129 (Tenn. Ct. App. 1981)); Tenn. R. App. P. 13(b).

The subject matter jurisdiction of this Court is limited to final orders, except as otherwise provided. ***Bayberry Assocs. v. Jones****,* 783 S.W.2d 553, 559 (Tenn. 1990). Rule 3(a) of the Tennessee Rules of Appellate Procedure provides, in relevant part:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a). Although an aggrieved party can seek a review of an interlocutory order pursuant to the provisions of Rule 9 of the Tennessee Rules of Appellate Procedure, Appellant filed this appeal under Rule 3. The trial court's April 7, 2017 order, i.e., the order appealed, is not a final order, insofar as it does not adjudicate the substantive claims. Because the order is not final, this Court does not have jurisdiction over this appeal filed under Rule 3 of the Tennessee Rules of Appellate Procedure. *See **Bayberry**,* 783 S.W.2d at 559 ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). Accordingly, we dismiss the appeal.

While the instant appeal was pending in this Court, the trial court entered an order dismissing the case for failure to prosecute. Before remanding the case to the trial court, Tennessee Rule of Appellate Procedure 13(b), *supra*, additionally requires this Court to determine whether the trial court had subject matter jurisdiction even though it was not presented for review. Tenn. R. App. P. 13(b) Generally, the filing of a notice of appeal places jurisdiction of a case in our court and deprives the trial court of jurisdiction to act further. ***Roberts v. Roberts***, No. E2009-02350-COA-R3-CV, 2010 WL 4865441, at *8 (Tenn. Ct. App. Nov. 29, 2010) (citing ***Born Again Church & Christian Outreach Ministries, Inc. v. Myler Church Bldg. Systems of the Midsouth, Inc.,*** 266 S.W.3d 421, 425 (Tenn. Ct. App. 2007)). Stated another way, "[o]nce the notice of appeal was filed, the jurisdiction of [the appellate] court attache[s], and, correlatively, the trial court los[es] jurisdiction." ***Born Again Church,*** 266 S.W.3d at 425 (quoting ***State v. Snowden,*** 2006 WL 1303946, at *2 (Tenn. Crim. App. 2006)). "Once the notice of appeal was filed, the trial court was without jurisdiction to act on a Rule 60 motion without a remand from this Court." ***Id.***

Because appellate courts retain jurisdiction over a case until its mandate returns the case to the trial court, ***Raht v. Southern Ry. Co.***, 387 S.W.2d 781, 787 (Tenn. 1965), any additional matter that needs to be addressed in the trial court must be addressed once the trial court reacquires jurisdiction. ***Born Again Church,*** 266 S.W.3d at 425**.** In ***Spence v. Allstate Ins. Co.***, 883 S.W.2d 586, (Tenn. 1994), the Tennessee Supreme Court opined that "[i]f a party wishes to seek relief from the judgment during the pendency of an appeal, he should apply to the appellate court for an order of remand." ***Id***. at 596. Here, the trial court entered the July 14, 2017 order of dismissal after the notice of appeal was filed in this Court. Based on the foregoing authority, we conclude that the trial court lacked subject matter jurisdiction to enter the order of dismissal. Accordingly, we vacate the order as void *ab initio*.

## II.    Conclusion

For the foregoing reasons, the appeal is dismissed. The trial court's July 14, 2017 order of dismissal is vacated, and the case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the parties equally, with one-half of the costs assessed against Appellees, Continental Apartments, Harvard Stephens, and Barbara Nabrit Stephens, for all of which execution may issue if necessary. One-half of the costs shall be assessed against Appellant, Dr. Norman C. Loggins. Because Dr. Loggins is proceeding *in forma pauperis* in this appeal, execution for his costs may also issue if necessary.


_____
KENNY ARMSTRONG, JUDGE